**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Kenneth Allard and*
*[Proposed] Co-Lead Counsel for the Class*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LYNN GRANT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> JASPER THERAPEUTICS, INC., RONALD A. MARTELL, HERBERT C. CROSS, and EDWIN TUCKER, <br><br> Defendants. | Case No. 5:25-cv-08010-BLF <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING CO-LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL** <br><br> CLASS ACTION <br><br> Judge: Beth Labson Freeman <br> Hearing: March 19, 2026 <br> Time: 9:00 a.m. <br> Courtroom: 1—5th Floor (San Jose) |

Lead Plaintiff Movants Kenneth Allard ("Allard") and Rhys Brooks and Jonathan Otte ("Brooks and Otte"), by and through their undersigned counsel, hereby stipulate as follows in support of their request for appointment as Co-Lead Plaintiffs and approval of their selection of Co-Lead Counsel:

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on September 19, 2025, after the filing of this case, a notice was

published over a national wire service, duly advising putative class members of the action informing them of their right to seek appointment as lead plaintiff within 60 days;

WHEREAS, on November 18, 2025, three movants or movant groups filed timely, separate motions seeking appointment as Lead Plaintiff and approval of their respective selections of Lead Counsel pursuant to the PSLRA: (i) Allard (Dkt. No. 7); (ii) Andrew Gray ("Gray") (Dkt. No. 11); (iii) Brooks and Otte (Dkt. No. 15);

WHEREAS, after filing his motions, movant Gray subsequently filed a notice of withdrawal of his motion (Dkt. No. 24);

WHEREAS, after the foregoing withdrawal, only Allard and Brooks and Otte continued to pursue their respective lead plaintiff motions;

WHEREAS, the PSLRA provides, inter alia, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii));

WHEREAS, the PSLRA provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class (15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, Allard and Brooks and Otte have each provided sworn Certifications pursuant to the PSLRA in support of their respective applications for Lead Plaintiff appointment, setting forth, *inter alia*, their transactions in Jasper Therapeutics, Inc. ("Jasper") securities (see Dkt. Nos. 8-2, 15-5);

STIPULATION AND [PROPOSED] ORDER APPOINTING CO-LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL – Case No. 5:25-cv-08010-BLF

WHEREAS, Allard and Brooks and Otte each having alleged significant losses in connection with the fraud alleged in this action, all have significant financial interests in the outcome of this litigation;

WHEREAS, Allard and Brooks and Otte are also each qualified to serve as co-lead plaintiffs in this case given, among other things, their interest in aggressively pursuing the claims in this action and their willingness to discharge the obligations of class representatives as described in the memoranda of points and authorities submitted in support of Allard's and Brooks and Otte's respective motions (see Dkt. Nos. 7 at 5-7, 15 at 5-9);

WHEREAS, having reviewed one another's submissions to the Court, Allard and Brooks and Otte believe that they each satisfy the typicality and adequacy requirements of Rule 23;

WHEREAS, Allard and Brooks and Otte believe that, rather than continue to litigate their competing motions, it is in the best interest of the Class to amicably resolve the motions and pool their resources to effectively and efficiently prosecute the action;

WHEREAS, having reviewed one another's submissions to the Court, Allard and Brooks and Otte believe that it is in the best interests of the Class for Allard and Brooks and Otte to serve as Co-Lead Plaintiffs and for their respective selections of The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") to serve as Co-Lead Counsel;

WHEREAS, Allard and Brooks and Otte are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the action efficiently, and avoid any duplication of effort in the conduct of the litigation;

WHEREAS, courts have endorsed stipulations among competing Lead Plaintiff movants, like here, as promoting the statutory purposes of the PSLRA, and have permitted "independent lead plaintiff movants [to] join together to help ensure that adequate resources and experience are

available to the prospective class in the prosecution of th[e] action and because [e]mploying a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making." *In re Rockwell Med., Inc. Sec. Litig.*, No. 1:16-cv-01691-RJS, Dkt. No. 18 at 2-3 (S.D.N.Y. May 20, 2016) (internal quotation marks omitted) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004)); *see also Ortiz v. Canopy Growth Corporation et al,* No. 2:19-cv-20543 (D.N.J.) ("Ortiz"), Dkt. No. 27 (approving stipulation of competing lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); *Deputy v. Akebia Therapeutics, Inc. et al.*, No. 1:22-cv-01411-AMD-VMS (E.D.N.Y.), ECF Order on June 28, 2022 (same); *In re Grab Holdings Ltd. Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y.), Dkt. No. 39 (same); I*n re Altimmune, Inc. Sec. Litig.*, No. 8:24-cv-01315-ABA (D. Md.), Dkt. No. 22 (same); *Pizzuto v. Homology Meds., Inc.*, No. 2:22-cv-01968-FLA-JPR (C.D. Cal.), Dkt. No. 38 (same); *Maurer v. Argos Therapeutics Inc., et al.*, No. 1:17-cv-00216-TDS-LPA (M.D.N.C.), Dkt. No. 26 (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD, Dkt. No. 56 at 2-3 (N.D. Cal. Aug. 3, 2018) (approving stipulation of lead plaintiff movants where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . . [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation"); *see also In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) ("A co-lead plaintiff structure best protects the interests of the class . . . and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs." (collecting cases)); and

WHEREAS, Rosen Law and Pomerantz have successfully prosecuted similar securities class actions under the PSLRA as Co-Lead Counsel, including in this District. See, e.g., *Chan, et*

4

*al., v. New Oriental Education & Technology Group Inc., et al.*, No. 2:16-cv-09279-KSH-CLW (D.N.J.); *Ortiz; Vataj v. Johnson, et al.*, No. 4:19-cv-06996-HSG (N.D. Cal.); *In re Blue Apron Holdings, Inc. Securities Litigation*, No. 17-cv-04846-NGG-PK (E.D.N.Y.); *Pirnik v. Fiat Chrysler Automobiles N.V. et al.*, No. 1:15-cv-07199-JMF (S.D.N.Y.); *Whiteley, et al. v. Zynerba Pharmaceuticals, Inc., et al.*, No. 2:19-cv-04959-NIQA (E.D. Pa.); *Thomas, et al., v. MagnaChip Semiconductor Corp., et al.*, No. 3:14-CV-01160-JST (N.D. Cal.); *Thorpe, et al., v. Walter Investment Management Corp.*, No. 1:14-cv-20880-UU (S.D. Fla.);

IT IS HEREBY STIPULATED AND AGREED THAT, subject to the Court's approval, as follows:

1.     Allard's (Dkt. No. 7) and Brooks and Otte's (Dkt. No. 15) motions are granted and are hereby appointed Co-Lead Plaintiffs in this action and any subsequently filed or transferred actions that are consolidated with this action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B);

2.     Co-Lead Plaintiffs' selections of Rosen Law and Pomerantz as Co-Lead Counsel are hereby approved.

Dated: December 2, 2025          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/*Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Kenneth Allard and*
*[Proposed] Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**

STIPULATION AND [~~PROPOSED~~] ORDER APPOINTING CO-LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL – Case No. 5:25-cv-08010-BLF

Brian Schall (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Kenneth Allard*

**POMERANTZ LLP**

*/s/Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(pro hac vice application forthcoming)
J. Alexander Hood II
(pro hac vice application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Rhys Brooks and Jonathan Otte and
[Proposed] Co-Lead Counsel for the Class*

STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER APPOINTING CO-LEAD PLAINTIFFS AND APPROVING
SELECTION OF CO-LEAD COUNSEL – Case No. 5:25-cv-08010-BLF

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

DATED:  __December 3__ , 2025                    _____
                                                 HON. BETH LABSON FREEMAN
                                                 UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER APPOINTING CO-LEAD PLAINTIFFS AND APPROVING
SELECTION OF CO-LEAD COUNSEL – Case No. 5:25-cv-08010-BLF