EDWARD HAN (SBN 196924)
edward.han@orrick.com
MOLLY MCCAFFERTY (SBN 325439)
mmccafferty@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

KEVIN M. ASKEW (SBN 238866)
kaskew@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH ALLARD, RHYS BROOKS, and JONATHAN OTTE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JASPER THERAPEUTICS, INC., *et al.*,<br><br>Defendants. | Case No. 5:25-cv-08010-BLF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     October 15, 2026<br>Time:     9:00 a.m.<br>Ctrm:    1 – 5th Floor<br>Judge:   Hon. Beth Labson Freeman |

Defendants Jasper Therapeutics, Inc. ("Jasper" or the "Company"), Ronald A. Martell, Herbert C. Cross, and Edwin Tucker (together, "Defendants") respectfully request that the Court take judicial notice of the documents described below and attached hereto pursuant to Federal Rule of Evidence 201, the incorporation by reference doctrine, and other applicable law.  This Request for Judicial Notice is made in support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Complaint").

## DISCUSSION

On a motion to dismiss securities claims like those asserted here, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Indisputable facts include those that are "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*  As detailed below, each of the documents described below and attached hereto is properly considered in connection with Defendants' Motion to Dismiss under: (a) the incorporation by reference doctrine, (b) Fed. R. Evid. 201, which permits the Court to consider information subject to judicial notice, or (c) both of these doctrines.

## I.      THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT

Plaintiffs expressly reference and quote from various documents in setting forth their allegations.  "[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).  The doctrine of incorporation by reference allows a court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th

Cir. 2005) (alteration in original). "A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the Plaintiff's claim." *In re Intel*, 2019 WL 1427660, at *6.

In accordance with this doctrine, Defendants request that the Court consider the following documents, true and correct copies of which are attached hereto:

| DOCUMENT | EXHIBIT NO. | COMPLAINT PARAGRAPH |
|---|---|---|
| Jasper Press Release entitled *Jasper Announces First Patient Dosed in Phase 1b/2a Clinical Study of Briquilimab in Chronic Spontaneous Urticaria*, dated November 30, 2023 | 1 | ¶¶ 7, 91–93, 96, 169-70 |
| Jasper Press Release entitled *Jasper Therapeutics Reports Positive Data from BEACON Study of Briquilimab in Chronic Spontaneous Urticaria*, dated January 8, 2025 | 2 | ¶¶ 9, 123–24, 187, 210 |
| Transcript of Jasper's January 8, 2025 Special Call | 3 | ¶¶ 132–37, 188-95 |
| Jasper Corporate Presentation, dated January 9, 2024 | 4 | ¶¶ 95–96; 177 |
| Transcript from Needham Healthcare Conference on April 8, 2024 | 5 | ¶ 182 |
| Jasper Press Release entitled *Jasper Therapeutics Reports Second Quarter 2024 Financial Results and Recent Corporate Developments*, dated August 13, 2024 | 7 | ¶¶ 184, 186 |
| Excerpts from ClinicalTrials.gov Study Record for Jasper's BEACON Study | 9 | ¶¶ 112–20; 174 |

Each of these documents is extensively referenced in the Complaint (as shown above) and/or forms the basis of Plaintiffs' claims. Thus, the Court may consider these documents under the incorporation by reference doctrine. *See, e.g., In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066–67 (N.D. Cal. 2010) (holding that press releases and conference call transcripts that formed the basis of plaintiff's claims were incorporated by reference into the complaint).

## II.      THE COURT MAY TAKE JUDICIAL NOTICE OF SEC FILINGS

Fed. R. Evid. 201 provides that "[p]ublic records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case."  *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (citations omitted); *In re Intel*, 2019 WL 1427660, at *7 ("SEC filings are routinely subject to judicial notice."); *see, e.g.*, *In re Violin Memory Sec. Litig.* 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (taking judicial notice of SEC filing that was not referred to in the complaint); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, courts may consider "any matter subject to judicial notice, such as SEC filings").  Accordingly,  documents filed with the SEC are part of the public record, capable of accurate and ready determination, and routinely subject to judicial notice, as opposed to "sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding SEC filings subject to judicial notice).

Defendants request that the Court take judicial notice of the following documents filed with the SEC, true and correct copies of which are attached hereto:

| DOCUMENT | EXHIBIT NO. |
| --- | --- |
| Excerpts from Jasper's Form 10-K, filed with the SEC on March 8, 2023 | 6 |
| Form 4 for Ron Martell filed with the SEC on September 22, 2025 | 8 |

## III.     THE COURT MAY TAKE JUDICIAL NOTICE OF RECORDS FROM GOVERNMENT AGENCY WEBSITES

"Because of their perceived reliability, courts have often admitted records taken from websites maintained by government agencies."  *Lopez v. Bank of Am., N.A.*, 505 F. Supp. 3d 961, 969-70 (N.D. Cal. 2020) (quoting *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018)); *see also Armani v. Nw. Mut. Life Ins. Co.*, 2017 WL 3174894, at *3 (C.D. Cal. July 24, 2017) (taking judicial notice of "document [that] was downloaded from the Federal Reserve Bank of St. Louis' website").  As such, "the content of records and reports of administrative bodies are proper subjects for judicial notice."  *Lopez*, 505 F. Supp. 3d at 969.  Judicial notice thus provides an

alternative basis upon which the Court may consider Exhibit 9, which is a record from a website maintained by a government agency, the National Library of Medicine, available at https://clinicaltrials.gov/study/NCT06162728?tab=history&a=4#version-content-panel. Accordingly, Defendants request that the Court take judicial notice of Exhibit 9, which, as detailed above, was also incorporated by reference into the Complaint.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of, and/or consider pursuant to the incorporation by reference doctrine and the legal authorities cited herein, Exhibits 1 through 9 attached hereto, and consider them in connection with its adjudication of Defendants' contemporaneously filed Motion to Dismiss.

Dated:  April 20, 2026

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Edward Han*

EDWARD HAN
edward.han@orrick.com
MOLLY MCCAFFERTY
mmccafferty@orrick.com
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:  (650) 614-7400
Facsimile:  (650) 614-7401

- and -

KEVIN M. ASKEW
kaskew@orrick.com
355 South Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499

*Attorneys for Defendants*